IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>ADA COUNTY COURTHOUSE, CANYON COUNTY COURTHOUSE, STATE OF IDAHO,<br><br>Defendants. | CV 24-92-BLG-DWM<br><br><br><br>ORDER |

Plaintiff Alexandre Zdenek Davis ("Davis"), a *pro se* prisoner currently incarcerated in the Federal Correctional Institute in Florence, Colorado, has filed this civil rights action. *See* Comp. (Doc. 1.) Davis's filing is hand-written, and he did not utilize the Court's approved form.

Davis alleges that the Defendants have issued warrants for grand theft and forgery that are presently active. Following his arrest on federal charges, Davis has attempted to reach out to prosecutors in Ada County and Canyon County in an effort to quash the warrants. (*Id.* at 1.) He apparently has received no response or assistance. Davis believes that the acts of Idaho authorities are violating his right to be free of double jeopardy and his right to due process. (*Id.* at 2.) He asks this

1

Court to dismiss the Idaho matters and quash the warrants. (*Id.* at 2-4.) He believes the warrants must be quashed before he may enroll in programming with the Bureau of Prisons. (*Id.* at 5.)

Davis has neither prepaid the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a) nor has he filed a Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a)(1). The Court observes that Davis has been allowed to proceed IFP in other matters. Additionally, because there is no reason to delay this matter further, the Court will allow Davis to proceed and continue with screening the complaint.

The Court finds Davis's Complaint cannot be filed in the District of Montana. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not yet run. *Costlow v. Weeks*, 790 F. 2d 1486, 1488 (9th Cir. 1986). Plaintiff bears the burden of demonstrating that venue is proper in his chosen district. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F. 2d 491, 496 (9th Cir. 1979). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S. C. § 1406(a). All of the acts of which Davis complaint occurred in Idaho not Montana. Thus, Davis has not demonstrated venue is proper in this District.

Because venue is improper, the Court has discretion to dismiss or transfer the case. *See* § 1406(a).  While the Court is not suggesting the claims in the complaint are meritless, dismissing the case would not cause any unnecessary delay or prejudice to Davis.  Davis may still attempt to refile this matter in the proper federal court.  Therefore, the Court finds that dismissal, rather than transfer, is appropriate.

Based upon the foregoing, IT IS ORDERED that:

1. Davis's complaint (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith. *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

DATED this 22nd day of July, 2024.

Donald W. Molloy, District Judge
United States District Court